Hernández, Recurrente, v. El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de un testamento.

No. 477.—Resuelto en enero 31, 1921.

Personas que Pueden Solicitar Inscripciones—Interesados en las Inscripciones.—Entre las personas que pueden solicitar la inscripción, según el artículo 6 de la Ley Hipotecaria, están ''las que tengan interés en asegurar el derecho que se deba inscribir,'' pero no basta alegar que se tiene, sino que es necesario demostrarlo alegando por lo menos los hechos de los cuales surja la conclusión del interés.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. L. Méndez Vaz.*

El Registrador sustituto compareció por escrito.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Doña Tomasa González viuda de García falleció bajo testamento otorgado en San Juan, P. R., el 16 de agosto de 1877. No tenía herederos forzosos. No instituyó herederos en su testamento. Era dueña de la casa No. 86 de la calle de San Sebastián, cuya casa estaba dividida en cinco piezas y legó la primera, tercera, cuarta y quinta de dichas piezas a diferentes personas que se nombran en el testamento. Con respecto a la segunda pieza, dispuso lo que sigue:

"Segunda pieza: Al costado izquierdo de la primera, consta de su sala y recámara, la cual destino para que de sus alquileres se apliquen a perpetuidad y mensualmente dos misas de a peso por el eterno descanso de mi alma, y el resto, se distribuya, por mi primera albacea, en limosnas entre los pobres vergonzantes que consideren más necesitados."

La testadora falleció el 6 de julio de 1881 y el 2 de agosto de 1920 compareció en el Registro de la Propiedad de San Juan, P. R., Agustín Hernández Mena solicitando que el dominio de la dicha segunda pieza se inscribiera a nombre del primer albacea testamentario universal nombrado por la testadora don Juan Ballesteros Núñez. El registrador negó la inscripción, 1, porque estudiado todo el testamento resultaba dudosa la voluntad de la testadora, 2, porque en el caso de que la testadora no hubiera legado a ninguna persona la nuda propiedad de la pieza, carecía el albacea de capacidad para inscribirla a su favor, por haber quedado vacante la herencia y además, porque el albacea no era universal, sino particular, y 3, porque no se acreditó que el cargo de albacea estuviera vigente en la fecha en que se solicitaba la inscripción.

Existe en este caso una cuestión previa que es necesario

estudiar y resolver antes de proceder al examen y decisión de las cuestiones de fondo envueltas en el mismo.

La persona que solicitó la inscripción en el registro y que ha establecido el presente recurso gubernativo es Agustín Hernández Mena. En su solicitud al registrador dijo:

"Alega el peticionario que tiene interés en que se haga la inscripción solicitada, como parte legítima en el derecho de la misma para llevar a efecto otra inscripción posterior."

Y nada más. El peticionario no es heredero ni legatario de la testadora. No fué el albacea nombrado ni consta qué relación pueda tener con él. Es cierto que según el artículo 6 de la Ley Hipotecaria entre las personas que pueden solicitar la inscripción están las "que tengan interés en asegurar el derecho que se deba inscribir" y que a ese precepto legal parece acogerse el peticionario, pero no basta alegar que se tiene tal interés; es necesario demostrarlo alegando por lo menos los hechos de los cuales surja la conclusión del interés.

Siendo ello así, no constando ante esta Corte Suprema a virtud de los documentos elevados a la misma que el peticionario tenga derecho a gestionar en este asunto, debemos desestimar el recurso por él mismo establecido.

*Desestimado el recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.